APPEALS OF CHARLES T. PLUNKETT, WILLIAM C. PLUNKETT, LYDA F. PLUNKETT, AND FLORENCE C. PLUNKETT.

Docket Nos. 3701, 3756, 3757, 3758. Submitted December 2, 1925. Decided April 19, 1926.

Difference between cost of Liberty bonds to a partnership and the par value of capital stock of a corporation received in exchange for the bonds in 1920 *held* to be a loss deductible by the partners in 1920.

*Samuel Friedman, Esq.*, for the taxpayers.
*M. N. Fisher, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

The deficiencies arose from the disallowance by the Commissioner of a deduction made in computing the net income of a partnership, of which the appellants were members, which resulted in increasing the distributive shares of the appellants. The deduction represents a loss claimed to have been sustained by the partnership in the exchange of certain Liberty bonds for capital stock of a corporation in 1920.

FINDINGS OF FACT.

The taxpayers are individuals residing at Adams, Mass., and in 1920 were members of the firm of W. C. Plunkett & Sons, a partnership.

On December 30, 1920, the partnership transferred its assets, with the exception of accounts receivable and certain worthless securities, to a newly formed corporation, W. C. Plunkett & Sons Co., in exchange for capital stock of the latter having a par value of $399,700. The assets transferred were valued by the partnership as follows:

| | |
|---|---|
| Real estate and machinery | $131,969.34 |
| Inventory | 66,497.67 |
| Investments | 163,650.00 |
| Cash | 37,582.99 |
| Total | 399,700.00 |

Included in the item of "Investments" were a number of Liberty bonds and Victory notes which had been purchased by the partnership at face value and at which value they were carried on the partnership books until December 30, 1920, when the bookkeeper

reduced their value on the books. A list of the securities involved, with dates of purchase, cost, and fair market value on December 30, 1920, is as follows:

| Security. | Purchased. | Cost. | Value Dec. 30, 1920. |
|---|---|---|---|
| $15,250 Liberty first 3½'s | May 28, 1917 | $15, 250 | $13, 606. 00 |
| $100 Liberty first converted 4¼'s | Dec. 14, 1917 | 100 | 85. 50 |
| $50,250 Liberty second converted 4¼'s | Oct. 15, 1917 | 50, 250 | 41, 461. 00 |
| $25,000 Liberty third 4¼'s | Apr. 18, 1918 | 25, 000 | 21, 700. 00 |
| $50,000 Liberty fourth 4¼'s | Oct. 17, 1918 | 50, 000 | 42, 380. 00 |
| $10,000 Victory 4¾'s | Jan. 25, 1919 | 10, 000 | 9, 448. 00 |
| Total | | 150, 600 | 128, 680. 50 |

The entire capital stock of the corporation, with the exception of three shares, was issued to the taxpayers, and has at all times been held by them.

OPINION.

GRAUPNER: The entire capital stock of the corporation, with the exception of three shares, was issued in exchange for the assets of the partnership, and the taxpayers claim the right to deduct as a loss the shrinkage in value of securities, on the theory that the value of the capital stock received was neither more nor less than the value of the assets transferred to the corporation. The Liberty bonds exchanged for stock of the corporation had been purchased on various dates at a total cost of $150,600. At the time of the exchange their market value was $128,680.50, which was also the par value of the stock received therefor.

The Commissioner denies that the market value of the stock issued for the Liberty bonds was less than the cost of the bonds. It is true that no market value of the stock was established by sales, as all the stock, with the exception of three shares, was issued to the members of the partnership and has since been held by them. " The usual method of appraising stock issued for property where there is no evidence of the market value of the stock is to say that the stock is deemed equivalent in value to the property for which it was issued, and by determining the value of the property one can determine the value of the stock." *Appeal of William Ziegler, Jr.,* 1 B. T. A. 186, 192.

Here we have assets with a market value of $399,700 exchanged for stock of equal par value. Included in the assets are bonds which have depreciated in value, but their market value at the time of the exchange is known. Using the rule laid down in the *Ziegler Appeal* as a basis to determine the fair market value of the stock, we are of the opinion that the partnership suffered a loss of the difference

between the cost of the bonds and the par value of the stock received in exchange, which was based upon their market value at the time of the exchange, and the distributive shares of the partners should be determined accordingly.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*